

**Alan R. Levy, Esq.**
Licensed in NY, NJ

**March 4, 2026**

<u>Via CM/ECF</u>
The Honorable Jamel K. Semper, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> *Re:    Wildey v. Salamone, et al. | Case No. 2:26-cv-01672 (JKS) (CF)*

Dear Judge Semper,

This office represents Plaintiff, Michael Wildey, Jr. in the above-entitled matter against the Police Department of the Township of Chester, New Jersey for their violations of Plaintiff's Constitutional right to record public police activity. I write in response to the letter from purported Defendants' counsel, Leslie Parikh, Esq. dated yesterday, March 3, 2026, where Defendants requested a 15-day extension of time to respond to our Motion for a Temporary Restraining Order and/or Preliminary Injunction.

I had advised Ms. Parikh our office would consent to a short extension of time, as long as it did not require moving our March 10, 2026 Reply brief deadline. In other words, our office agreed to waive our own time to issue reply papers to give Defendants additional time to oppose our Motion for a TRO/PI. However, it is important to my client and to the overall condition of the First Amendment in Chester Township that further delay does not continue to deprive our client (and other citizens) of their clearly established right to record and document matters of public concern in areas that are clearly open to the public.

It must also be noted while the township was formally served on March 2, 2026, our office first placed Defendants on Notice of this matter and pending Motion on February 23, 2026. See ECF#8. We also notified Defendants of this Court's February 25, 2026 Text Order setting a motion briefing schedule less than 1 hour after receiving the Court's Order. See ECF#11. Simply put, Defendants were aware of their March 3, 2026 opposition deadline for a week but appear to have decided to wait until the day the opposition was due to complain that they had insufficient notice. Meanwhile, the parties have been in discussions since February 25, 2026 when Ms. Parikh, Chester Township's Municipal counsel reached out to my office. Alas, she advised she was unable to accept service, which could have saved the parties and court unnecessary time and expense of formal service.

Plaintiffs respectfully submit that it would be proper for the Court to enter the Temporary Restraining Order even without response. We are not suggesting that the Court

30 Western Avenue, Gloucester, MA  01930 - 353 Ocean Ave Ste. 4E, Brooklyn, NY 11226

arl@randazza.com | 888.887.1776



enter *default* against Defendants before their counsel are afforded as much time as they wish for a robust defense, nor even to enter a Preliminary Injunction – just a limited TRO. The court can issue a 14-day TRO, and can extend that an additional 14 days, without consent. See Fed.R.Civ.P. 65(b)(2). Additionally, the TRO could be even be extended further with the Defendants' consent. See Id.

In some circumstances, the issuance of an immediate TRO might be burdensome to a defendant.  However, here, the burden is nonexistent.  All that the Plaintiff wants is for the Court to acknowledge that the balance of the equities tilts sharply in favor of entering the TRO and *then* giving the Defendants as much time as they want to brief and argue the preliminary, or even permanent, injunction.  In that regard, Plaintiffs had also issued a request on February 20, 2026 to the Court for the option of collapsing our Motion for a TRO/PI into a hearing on a Summary Judgment Motion. See ECF#7.

Regarding the equities, our client currently remains impeded from exercising his First Amendment rights to observe and record public accident sites and police investigations, because he fears further retaliation and harassment at the hands of the police.  All his Motion for a TRO requests is that the court enter an Order requiring the Chester Township Police Department adhere to the very commands the New Jersey State Attorney General has already made to all law enforcement agencies, which are consistent with the First Amendment. See ECF#1-4 - ATTORNEY GENERAL LAW ENFORCEMENT DIRECTIVE NO. 2021-11, advising all Law Enforcement Executives on citizens' First Amendment Right to Observe, Object to, and Record Police Activity. The TRO need not go further than compelling adherence to this directive, which should have been followed for the past five years, anyway.  Simply put, all we ask for is a TRO compelling Defendants to follow clearly established law.  Once a TRO is in place, our client (and other citizens) can comfortably return to exercising his First Amendment rights. With this  constitutionally modest relief in place, the Plaintiff would have no objection to an extended briefing schedule for the preliminary injunction, and hopefully the early summary judgment as requested in ECF 7.

If the Court has any questions, please do not hesitate to contact me.

Respectfully Submitted,

Alan R. Levy, Esq.

cc:    The Hon. Cari Fais, U.S.M.J.
       Vincent S. Verdiramo, Esq.
       Marc J. Randazza, Esq.
       Leslie A. Parikh, Esq.