NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL WILDEY, JR.,

    *Plaintiff*,

      v.

SGT. NICHOLAS SALAMONE, CPL.
BRADLEY ELLMAN, and CHESTER
TOWNSHIP, NEW JERSEY,

    *Defendants*.

Civil Action No. 26-1672

**OPINION and ORDER**

April 23, 2026

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Plaintiff Michael Wildey, Jr.'s Motion for Temporary Restraining Order (ECF 6, "Motion" or "Mot.") against Defendants Sgt. Nicholas Salamone ("Salamone"), Cpl. Bradley Ellman ("Ellman"), and Chester Township, New Jersey ("Chester"). The Court has decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**WHEREAS** Plaintiff initiated this action on February 19, 2026 by filing the Complaint. (ECF 1, "Complaint" or "Compl.") Plaintiff alleges that on August 31, 2025, "a motor vehicle accident took place on a public roadway located in Chester Township, New Jersey." (Compl. ¶ 8.) Plaintiff alleges that, after the accident, and after the injured persons had been removed from the scene of the accident, "Plaintiff legally parked his vehicle near the scene of the accident, to observe the post-accident investigation and take photographs of the scene." (*Id.* ¶ 9.) Plaintiff alleges that he was in a public space at all times during his observation of the investigation, and that he did not

1

interfere with the police investigation in any way. (*Id.* ¶ 10.) Plaintiff alleges that Defendants Salamone and Ellman approached him, asked him if he had taken photographs of the scene of the accident, and when Plaintiff admitted that he had, demanded that Plaintiff surrender his phone (the device Plaintiff used to take the photographs) so it could be "seized for evidence." (*Id.* ¶¶ 11-14.) Plaintiff then alleges that, upon his objection to the seizure of his phone, Defendant Ellman directed him to permanently delete all photos of the scene of the accident from his phone. (*Id.* ¶¶ 15-16.) Plaintiff alleges that after he complied with these demands, Defendant Ellman stated he could leave, but Defendant Salamone directed other officers on the scene to "make sure [Plaintiff] doesn't take his phone out again because he was taking pictures of everything." (*Id.* ¶¶ 17-20.) Plaintiff also alleges that Defendant Salamone stated to other police officers that they would "get him out of here." (*Id.* ¶ 23.);

**WHEREAS** the Complaint seeks relief under four causes of action: Count I for unlawful and retaliatory seizure and false arrest under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments (*id.* ¶¶ 28-37); Count II for unlawful and retaliatory search and seizure under 42 U.S.C. § 1983 and the Fourth Amendment (*id.* ¶¶ 38-47); Count III for *Monell* liability under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments (*id.* ¶¶ 48-53); and Count IV for violations of the New Jersey Constitution and New Jersey Civil Rights Act (*id.* ¶¶ 54-58). Plaintiff asks the Court to award him an injunction preventing Defendants from retaliating against him for exercising his constitutional rights to observe and film public police activity, compensatory and punitive damages, and attorneys' fees and costs under 42 U.S.C. § 1988. (*Id.* ¶¶ A-F.) In addition to the Complaint, Plaintiff submitted video footage of the incident between Plaintiff and Defendants captured from Defendants' body-worn cameras, which the Court has reviewed. (*Id.*, Ex. A, "Ellman Bodycam;" Ex. B, "Salamone Bodycam;" collectively "Bodycam Footage.");

2

**WHEREAS** on February 20, 2026, one day after filing the Complaint, Plaintiff filed the instant Motion seeking a temporary restraining order, preliminary injunction, and/or permanent injunction.  On March 11, 2026, Defendants filed their brief in opposition to the Motion.  (ECF 21, "Opposition" or "Opp.")  On March 17, Plaintiff filed a reply in further support of the Motion.  (ECF 22, "Reply.");

**WHEREAS** on April 16, 2026, the Parties appeared in Court to give arguments on the Motion.  During this hearing, the Court ruled from the bench that the Motion would be denied, and the Court indicated that this Opinion would follow to clarify the Court's ruling from the bench;

**WHEREAS** injunctive relief is an "extraordinary remedy and should be granted only in limited circumstances."  *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).  The Court may grant an injunction only if a party shows: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.  *Arrowpoint Capital Corp. v. Arrowpoint Asset Management, LLC*, 793 F.3d 313, 318 (3d Cir. 2015).  A party must produce sufficient evidence of all four factors, and the Court must weigh them prior to granting injunctive relief.  *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994).  However:

> "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief.  If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."

*Riley v. Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); and

**WHEREAS** upon reviewing the parties' submissions and hearing their oral arguments on

3

the Motion, the Court finds that although Plaintiff has demonstrated a likelihood of success on the merits of his claims, he has failed to establish that he faces an imminent risk of irreparable harm that would warrant this Court's issuance of a temporary restraining order, preliminary injunction, or permanent injunction.  While Plaintiff aptly notes that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury" per *Elrod v. Burns*, 427 U.S. 347, 373 (1976), he fails to allege any facts that would give rise to a reasonable inference that this irreparable harm will continue into the future absent injunctive relief, nor does he refer the Court to any binding case law that indicates the Court is allowed to issue an injunction barring future conduct that the Court has no reason to believe is likely to occur.[1]  For these reasons, the Court cannot grant the extraordinary relief Plaintiff seeks; therefore

**IT IS** on this 23rd day of April, 2026

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order is **DENIED.**

**SO ORDERED.**

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:  Cari Fais, U.S.M.J.
      Parties

---

[1] In response to the Court's questioning at oral argument, Plaintiff submitted a letter citing a list of opinions from other Districts and Circuits in which courts enjoined state and federal actors from engaging in conduct found to violate the respective plaintiffs' constitutional rights.  (ECF 25.) These cases all appear to be factually distinguishable from the circumstances presented to this Court, and none of the opinions are binding upon this Court.  As such, they provide the Court no basis to reconsider its ruling from the bench.

4